IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01138-WYD-BNB

QIP HOLDER LLC, a Delaware limited liability company,
QFA ROYALTIES LLC, a Delaware limited liability company, and
QUIZNO'S FRANCHISING II LLC, a Delaware limited liability company
        Plaintiffs,

v.

TOASTED SUBS FRANCHISEE ASSOCIATION, INC.

        Defendant.

---

### AGREED PERMANENT INJUNCTION

---

On this date, the Court considered the above-entitled and numbered cause of action between Plaintiffs QFA Royalties LLC, Quizno's Franchising II LLC and QIP Holder LLC (collectively, "Quiznos") and Defendant Toasted Subs Franchisee Association, Inc. ("TSFA" or "Defendant"). Upon stipulation between the parties, the Court enters the following permanent injunction:

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

1.     Quiznos initiated this action and filed a Motion for Preliminary Injunction alleging that Defendant is improperly using its trademarks in certain domain names and metadata associated with the TSFA Website (as defined in the Motion for Preliminary Injunction).

2.     Defendant has registered or caused to be registered and owns the following domain names all of which linked to the TSFA Website at the time Quiznos filed the motion: (1) www.quiznostruth.com; (2) www.quiznosfacts.com; (3) www.quiznosfailedme.com; (4)

www.quiznosnightmare.com; (5) www.quiznoscrooks.com; (6) www.quiznoscon.com; (7) www.quiznosscrewsme.com; (8) www.quiznosscam.com; (9) www.quiznosscrewedme.com; (10) www.quiznossubsucks.com; and (11) www.quiznoscorpsucks.com (collectively the "Infringing Domain Names").

3. In addition, the metatags associated with the TSFA Website include the words quiznos, quizno's and quizno alone and in combination with other words.

4. Quiznos alleges that this conduct constitutes violation of the Lanham Act's anticybersquatting provision, as well as trademark infringement and dilution.

5. Without admitting liability or waiving any defenses to Plaintiffs' claims, Defendant hereby agrees to cease the complained of conduct mentioned above for all time and stipulates to the entry of this Permanent Injunction enjoining them under the terms below. Defendants do not waive their right to contest venue and jurisdiction.

6. Defendant hereby waives any challenge or claim that this Injunction was improperly entered.

7. Defendant waives any claim or right to have this injunction secured by a bond.

**THE COURT FINDS** that if Plaintiffs' allegations are true, Plaintiffs have established (1) a substantial likelihood of success on the merits; (2) irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm the preliminary injunction will cause the opposing party; and (4) that the preliminary injunction is not adverse to the public interest. (The Parties agree that Defendant does not waive any defenses or admit liability by signing this stipulation).

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED,** that

1. Defendant and its officers, directors, agents, representatives, servants, and employees, and those people in active concert or participation with Defendant are ordered to:

   a. Immediately remove all content from and otherwise cease operation of any website with or linked to the following domain names: (1) www.quiznosfacts.com; (2) www.quiznostruth.com; (3) www.quiznosfailedme.com; (4) www.quiznosnightmare.com; (5) www.quiznoscrooks.com; (6) www.quiznoscon.com; (7) www.quiznosscrewsme.com; (8) www.quiznosscam.com; (9) www.quiznosscrewedme.com; (10) www.quiznoscorpsucks.com; and (11) www.quiznossubsucks.com; and

   b. Immediately remove from the metadata associated with the TSFA Website and any other website they own or control, the words quizno's, quiznos and quizno, alone or in combination with other words, and any other Quiznos' Marks, trademarks, service marks or logos or words confusingly similar thereto; and

   c. Immediately cease using any website that includes in its domain name or metadata the name quiznos, quizno, quizno's or any other Quiznos' Marks, trademarks, service marks, trade names or logos or words confusingly similar thereto ;

2. Defendant is ordered to file with the Court and to serve upon Plaintiffs' counsel within ten (10) days after entry of this order, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order.

3. The parties stipulate that this agreement and entry of this Order will resolve Quiznos' claims for injunctive relief in the First through Fourth Claims in its complaint. Further, with the entry of this Order, Quiznos withdraws its Motion for Preliminary Injunction and its Motion for Leave to Take Expedited Discovery. The only remaining claims will be Quiznos' claims for damages in its First through Fourth Claims for Relief and its claims asserted in its Fifth and Sixth Claims for Relief, all of which should proceed in the normal and ordinary course.

AGREED TO this 30th day of June 2006:

| s/ Leonard H. MacPhee | s/ Justin M. Klein |
|---|---|
| Leonard H. MacPhee | Justin M. Klein |
| Attorney for Plaintiffs | Attorney for Defendant |
| Perkins Coie, LLP | Marks & Klein LLP |
| 1899 Wynkoop Street, Suite 700 | 63 Riverside Avenue |
| Denver, CO 80202 | Red Bank, NJ 07701 |
| Telephone: 303-291-2300 | Telephone: 732-747-7100 |
| Facsimile: 303-291-2400 | Facsimile: 732-219-0625 |
| lmacphee@perkinscoie.com | Justin@marksklein.com |

Done this 6th day of July, 2006.

BY THE COURT:

United States District Court Judge